*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, Suite 700      973/645-2700
Newark, NJ 07102

December 10, 2008

Fitzgerald Lewis, Esq.
The Law Offices of
 Lewis and Associates
6066 Leesburg Pike
Fourth Floor
Falls Church, VA 22041-2234

       Re:   <u>Plea Agreement with Hawa Yousuf</u>

                             09-90(FSH)

Dear Mr. Lewis:

       This letter sets forth the plea agreement between your client, Hawa Yousuf, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Hawa Yousuf to an information which charges her with engaging in conduct with the intent to convey false and misleading information concerning the malicious damage and bombing of a building of public use, in violation of 18 U.S.C. § 1038(a). If Hawa Yousuf enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Hawa Yousuf for any telephone calls, internet postings, and/or electronic messages on April 17, 2008, and/or April 18, 2008, during which communication Hawa Yousuf stated that there was going to be a suicidal bomber at a Muslim matrimonial event at a hotel in Edison New Jersey. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Hawa Yousuf may be commenced against her, notwithstanding the expiration of the limitations period after Hawa Yousuf signs the agreement.

Sentencing
---

The violation of 18 U.S.C. § 1038(a) to which Hawa Yousuf agrees to plead guilty carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Hawa Yousuf is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Hawa Yousuf ultimately will receive.

Further, in addition to imposing any other penalty on Hawa Yousuf, the sentencing judge: (1) will order Hawa Yousuf to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Hawa Yousuf to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Hawa Yousuf, pursuant to 18 U.S.C. § 3555, to give notice to any victims of her offense; and (4) pursuant to 18 U.S.C. § 3583 may require Hawa Yousuf to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Hawa Yousuf be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Hawa Yousuf may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of this Office Regarding Sentencing
---

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Hawa Yousuf by the sentencing judge, to correct any misstatements relating to the

sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Hawa Yousuf's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Hawa Yousuf agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Hawa Yousuf from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Hawa Yousuf waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind

other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Hawa Yousuf. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Hawa Yousuf.

<u>No Other Promises</u>

This agreement constitutes the plea agreement between Hawa Yousuf and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RALPH J. MARRA, JR.
Acting United States Attorney

By: Andrew Kogan
Assistant U.S. Attorney

APPROVED:

Marc Larkins
Unit Chief, Criminal Division

- 4 -

I have received this letter from my attorney, Fitzgerald Lewis, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____          Date: 1/9/09
Hawa Yousuf

_____          Date: 1/09/2009
Fitzgerald Lewis, Esq.

## Plea Agreement With Hawa Yousuf

### Schedule A

1. This Office and Hawa Yousuf recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Hawa Yousuf nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Hawa Yousuf within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Hawa Yousuf further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2008 applies in this case. The applicable guideline is U.S.S.G. § 2A6.1(a)(1). This guideline carries a Base Offense Level of 12.

3. As of the date of this letter, Hawa Yousuf has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Hawa Yousuf's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

4. As of the date of this letter, Hawa Yousuf has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. If Hawa Yousuf enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Hawa Yousuf's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Hawa Yousuf will be entitled to a further 1-point reduction in her offense level pursuant to U.S.S.G. § 3E1.1(b).

5. In accordance with the above, the parties agree that the offense the total Guidelines offense level applicable to Hawa Yousuf is 10 (the "agreed total Guidelines offense level").

6. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set

forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

7. Hawa Yousuf knows that she has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 10. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 10. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

8. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.